UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Allied Medical Training, LLC, | File No. 19-cv-3067 (ECT/KMM) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Knowledge2SaveLives L.L.C. and Monique Doward, | |
| Defendants. | |

Elliot R. Ginsburg and W. Michael Garner, Garner, Ginsburg & Johnsen, P.A., Minneapolis, MN, for Plaintiff Allied Medical Training, LLC.

In this trademark-infringement case, Defendants Knowledge2SaveLives L.L.C. and Monique Doward have refused to comply with an order permanently enjoining them from using the mark "KNOWLEDGE 2 SAVE LIVES" and requiring them to pay over $9,000 in attorneys' fees to Plaintiff Allied Medical Training, L.L.C. Defendants' noncompliance has prompted Allied Medical to file a motion to hold Defendants in contempt and impose sanctions. Allied Medical's motion will be granted to the extent it seeks a finding of contempt. Allied Medical's motion will be denied to the extent it seeks sanctions because at this time the imposition of the requested sanctions would be quite disproportionate to the harm resulting from Defendants' noncompliance. The denial of sanctions will be without prejudice to Allied Medical's ability to refile its request for sanctions if things change.

I

Allied Medical "provides training to current and aspiring emergency medical responders to maintain or obtain Emergency Medical Responder (EMR) or Emergency Medical Technician (EMT) certification." Compl. ¶ 5. It owns the United States Service Mark for "KNOWLEDGE SAVES LIVES," and it uses the mark to promote its business. *Id.* ¶¶ 9–10. Defendant Doward enrolled in one of Allied Medical's courses, but she did not complete the course and eventually requested a refund, which she did not receive. *Id.* ¶¶ 20, 22–26. Doward then formed a competing business called "Knowledge2SaveLives L.L.C." *Id.*, Ex. 10 [ECF No. 1-10]. Doward's business offers the same services as Allied Medical, and it uses the "Knowledge2SaveLives" mark in its promotional materials. *Id.* ¶¶ 31, 33–35.

Allied Medical brought this action against Doward and Knowledge2SaveLives L.L.C., alleging a variety of trademark-infringement claims.[1] Defendants never appeared or filed a responsive pleading, so Allied Medical sought and obtained an entry of default. ECF Nos. 9–11. Allied Medical then moved for default judgment. ECF No. 12. Because its allegations, taken as true, "constitute[d] a legitimate action" for its statutory claims, default judgment was granted. Order Granting Default Judgment at 3–9 [ECF No. 24]. Defendants were "permanently enjoined from using the mark 'KNOWLEDGE 2 SAVE

---

[1] Allied Medical raised the following claims: infringement of a registered mark under the Lanham Act, 15 U.S.C. § 1114(1), Compl. ¶¶ 45–49; unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), Compl. ¶¶ 50–56; deceptive practices under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44, Compl. ¶¶ 57–61; and common-law trademark infringement and unfair competition, Compl. ¶¶ 62–66.

LIVES' or any mark confusingly similar to it or confusingly similar to Plaintiff's registered service mark, 'KNOWLEDGE SAVES LIVES.'" *Id.* at 8–9; *see* Judgment [ECF No. 25]. Defendants were also ordered to pay Plaintiff $9,016.00 in attorneys' fees and costs. *Id.*

Allied Medical, through its counsel, sent Doward a copy of the order granting default judgment via email on July 1, 2020. Ginsburg Decl. ¶ 6, Ex. B [ECF Nos. 30, 30-1]. Doward responded to the email on July 2 with a message that is somewhat difficult to follow, but among other things, she wrote that Allied Medical's counsel could "do whatever"; that she would "register [her] name again"; that she was "not sure what [he] want[ed]" but that she would "not be paying any court or attorney fees"; and that she "would rather go to jail and make this a public matter." *Id.* ¶ 7, Ex. C. Allied Medical's counsel then wrote a response to Doward offering to waive Allied Medical's claim to attorneys' fees under the court order, as well as to "pay the $55.00 fee that is required to change the name of [her] company with the Minnesota Secretary of State." *Id.* ¶ 8, Ex. D. Neither Defendant responded to this email. *Id.* ¶ 10. Allied Medical tried, unsuccessfully, to have Defendants personally served with a copy of the order on July 7, 2020. *Id.* ¶ 5, Ex. A.

This series of events prompted Allied Medical to file the present motion for contempt and sanctions on September 8, 2020.[2] ECF No. 26. In its supporting

---

[2] According to an affidavit of service filed on October 8, 2020, Doward was personally served with copies of all of the motion papers on September 30, 2020. The process server "positively identified" Doward "based on a photo," but Doward "refused to confirm her identity or take the papers," so the process server "dropped the papers outside the front door." Aff. of Service [ECF No. 34].

memorandum, Allied Medical argues that Defendants should be fined "$500 per day payable to the Court unless Defendants comply with the Order within seven (7) days of issuance" of a contempt order. Pl.'s Mem. in Supp. at 6 [ECF No. 28]. If Defendants have still not complied at that point, Allied Medical argues that "additional contempt sanctions," "up to and including incarceration," should be imposed. *Id.*

## II

When a party fails to a comply with a judgment that requires it to "perform [a] specific act," a court may "hold the disobedient party in contempt." Fed. R. Civ. P. 70(a), (e). The party seeking contempt has the burden to show, "by clear and convincing evidence, that the alleged contemnor[] violated a court order." *Chicago Truck Drivers v. Brotherhood Lab. Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). The burden then shifts to the alleged contemnor to "show an inability to comply." *Id.* If a court finds a party in contempt, it may impose a sanction "to coerce the defendant into compliance" or "to compensate the complainant for losses sustained, or both." *United States v. Open Access Tech. Int'l, Inc.*, 527 F. Supp. 2d 910, 912 (D. Minn. 2007) (quoting *Chicago Truck Drivers*, 207 F.3d at 505). A federal district court has "broad discretion to design a remedy." *Id.* (quoting *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys.*, 369 F.3d 645, 657 (2d Cir. 2004)).

To show that Defendants violated a court order and are in contempt, Allied Medical must establish that Defendants "have actual knowledge of the order and [that] the order [is] 'sufficiently specific to be enforceable.'" *Hazen v. Reagen*, 16 F.3d 921, 924 (8th Cir. 1994) (citation omitted); *see also Paisley Park Enters., Inc. v. Boxill*, 299 F. Supp. 3d 1074,

1089–90 (D. Minn. 2017) (holding that a defendant had not clearly violated an order to turn over recording files when plaintiffs were merely "uncertain about whether they ha[d] received" all of the files); *see also* 12 Mary K. Kane, *Federal Practice and Procedure* § 3022 (3d ed. October 2020 Update) ("[A] party may not be punished for disobeying an order that does not definitely state what it is to do or refrain from doing.").[3] At this step, it does not matter whether the noncompliance was "willful." *Open Access*, 527 F. Supp. 2d at 912 (quoting *Faegre & Benson, LLP v. Purdy*, 367 F. Supp. 2d 1238, 1243 (D. Minn. 2005)).

Allied Medical has met its burden to show that Defendants violated a court order and are in contempt. Doward's email response shows fairly clearly that she is aware of the order granting default judgment. Ginsburg Decl., Ex. C. The recently filed affidavit of service makes it even easier to conclude that she is aware both of the order and of the present contempt motion. ECF No. 34. And the order is "sufficiently specific to be enforceable." *Hazen*, 16 F.3d at 924. The order clearly required Defendants to stop using the "Knowledge 2 Save Lives" mark and to pay attorneys' fees to Allied Medical. ECF No. 25. According to uncontested record evidence, Defendants have not met—or attempted to meet—either requirement. It is possible to imagine a scenario in which

---

[3] Allied Medical cites an out-of-circuit case suggesting that it also has the burden to show that "the alleged violator had the ability to comply with the order.'" *Tracfone Wireless, Inc. v. Technopark Co.*, 313 F.R.D. 680, 687 (S.D. Fla. 2016) (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002)). This is not an accurate statement of Eighth Circuit law. *See Chicago Truck Drivers*, 207 F.3d at 505 (concluding that a district court abused its discretion by "improperly placing the burden" on the party seeking contempt to show the contemnor's ability to comply).

contempt would be inappropriate because it was unclear whether a *new* mark that Defendants wanted to use was confusingly similar to Allied Medical's mark. But that is not the situation here.

Defendants—who have not appeared or filed a brief—have not met their burden to show an inability to comply. "To show that compliance is presently impossible, [a] defendant must demonstrate: (1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply." *United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 736 (8th Cir. 2001) (quoting *Chicago Truck Drivers*, 207 F.3d at 506). First, there is no reason to believe that anything is keeping Defendants from complying with the order. Although Doward made a vague reference in her email to the impacts of the COVID-19 pandemic, Ginsburg Decl., Ex. C, she never said that she lacks sufficient assets to change her company's name or pay Allied Medical's attorneys' fees. If Defendants had made that argument, the fact that Allied Medical has offered to forego collection of the attorneys' fees and to pay the cost of changing Doward's company's name would undermine it. Nor does it appear that Doward or her company have made any "reasonable efforts to comply." *Santee Sioux Tribe*, 254 F.3d at 736. Rather, Doward's statement that she "would rather go to jail and make this a public matter," Ginsburg Decl., Ex. C, suggests that her noncompliance is "self-induced," *Santee Sioux Tribe*, 254 F.3d at 736; *see ViaView, Inc. v. Chanson*, No. 2:12-cv-01657, 2013 WL 1405353, at *1 (D. Nev. Apr. 4, 2013) (finding defendants in contempt for failing to obey

6

an order to stop using a trademark); *Purdy*, 367 F. Supp. at 1249–50 (finding defendants in contempt for using prohibited website domain names).

The difficult question in this case is what sanction, if any, to impose for Defendants' noncompliance. "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chicago Truck Drivers*, 207 F.3d at 505. The most common sanctions seem to be monetary fines and imprisonment, but courts retain discretion to "frame a sanction to fit the violation." 11A Mary K. Kane, *Federal Practice and Procedure* § 2960 (3d ed. October 2020 Update); *see Open Access*, 527 F. Supp. 2d at 913. When deciding on a sanction to secure compliance with an order, courts should consider four factors: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." *Edeh v. Carruthers*, No. 10-cv-2860 (RJK/JSM), 2011 WL 4808194, at *3 (D. Minn. Sept. 20, 2011) (citing *United States v. United Mine Workers*, 330 U.S. 258, 303–04 (1947)), *report and recommendation adopted*, 2011 WL 4808191 (D. Minn. Oct. 11, 2011); *see also Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1224 (8th Cir. 2006).

Applied here, these four factors do not favor the imposition of sanctions at this time. Though the "near-identity" of the marks in question creates a likelihood of consumer confusion and a probability of irreparable harm, Order Granting Default Judgment at 5, Allied Medical has not identified any harm to its bottom line. No record evidence shows that Defendants have taken business from Allied Medical. By all appearances, Defendants

today pose no realistic competitive threat.  The requested sanctions probably would not be effective to compel compliance.  This is not because Doward has expressed that she'd rather go to jail than comply with the order.  Ginsburg Decl., Ex. C.  Accepting the argument that a sanction of confinement is not likely to be effective because a person is willing to endure it would perversely reward the most obdurate contemnors.  Rather, a monetary sanction is not likely to be effective because there is no record evidence showing Defendants have the ability to pay it, and the facts that Defendants have not retained counsel, have not appeared in this case, and seem to lack a meaningful commercial presence suggest they lack significant resources.  It is true that some courts have held that the futility of a monetary sanction weighs in favor of imprisoning the defiant party.  *See Edeh*, 2011 WL 4808194, at *4; *Nat'l Credit Union Admin. Bd. v. Cumis Ins. Soc'y, Inc.*, No. 16-cv-139 (DWF/LIB), 2018 WL 6288110, at *3 (D. Minn. Oct. 22, 2018), *report and recommendation adopted*, 2018 WL 6271044 (D. Minn. Nov. 30, 2018).  But here, a sanction of confinement would be substantially disproportionate to the harm resulting from Defendants' noncompliance.  There is every reason to believe Defendants noncompliance has been willful.  Doward's email suggests strongly that she understands what the court order requires but expresses defiance.  Ginsburg Decl., Ex. C.  Defendants cannot blame their failure to change the "Knowledge2SaveLives" name on a lack of financial resources when Allied Medical has offered to pay for the change.  *Id.*, Ex. D.  Regardless, Defendants' willfulness does not at this time override the disproportionality between the heavy sanction of imprisonment and the modest harm caused by Defendants' noncompliance.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff Allied Medical Training, LLC's motion for contempt [ECF No. 26] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's motion is **GRANTED** to the extent it requests that Defendants Knowledge2SaveLives L.L.C. and Monique Doward be held in contempt of court, and Defendants are declared to be in contempt for their willful violation of court orders.

2. Plaintiff's motion is **DENIED** to the extent it requests the imposition of sanctions, including monetary sanctions and imprisonment.

3. This Order is without prejudice to Plaintiff's right to renew its request for sanctions should circumstances change.

4. Plaintiff shall serve a copy of this order on Defendants via email at the address shown for Defendants on Exhibit C to the Ginsburg Declaration, ECF No. 30-1.  Plaintiff may, but is not required to, serve a copy of this order on Defendants via any other method.

Dated:  October 26, 2020

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court